NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――――

**ULTRATEC, INC.,**
*Appellant*

v.

**CAPTIONCALL, LLC,**
*Appellee*

―――――――――――――

2016-1706, -1707, -1710, -1712

―――――――――――――

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2013-00540, IPR2013-00541, IPR2013-00544, and IPR2013-00545.

-------------------------------------------------------------------------------

**ULTRATEC, INC.,**
*Appellant*

v.

**CAPTIONCALL, LLC,**
*Appellee*

―――――――――――――

2016-1708, -1709, -1715

―――――――――――――

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2013-00542, IPR2013-00543, and IPR2013-00550.

-------------------------------------------------------------------------------

**ULTRATEC, INC.,**
*Appellant*

v.

**CAPTIONCALL, LLC,**
*Appellee*

---

2016-1713

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2013-00549.

---

**ON MOTION**

---

Before WALLACH, *Circuit Judge*.

**O R D E R**

The parties jointly move to stay the above-captioned appeals pending (i) the docketing of any appeal from IPR2014-00780 and (ii) the issuance of the decision of the Supreme Court of the United States in *Cuozzo Speed Technologies, LLC v. Lee*, No. 15-446.

These appeals stem from eight *inter partes* review proceedings before the Patent Trial and Appeal Board concerning eight patents owned by Appellant. On appeal, Appellant intends to challenge the Board's application of

the broadest reasonable interpretation standard in construing the terms of the challenged claims in each disputed patent.

The patent at issue in a pending ninth *inter partes* review, IPR2014-00780, is the same patent at issue in appeal 2016-1713. The parties move to stay the eight pending appeals so that any appeal from IPR2014-00780 may be heard at the same time as appeal 2016-1713.

The power of this court to stay proceedings is incidental to our inherent power to control the disposition of cases on our docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Here, the court agrees with the parties that a stay pending the resolution of IPR2014-00780 should be granted. However, Appellant has not shown that a stay is warranted due to *Cuozzo*.

Accordingly,

IT IS ORDERED THAT:

The motion is granted to the extent that the briefing schedules in the above-captioned appeals are stayed and the parties are directed to inform this court, no later than seven days after the end of the period allowed for filing an appeal from IPR2014-00780, how they believe these appeals should proceed.

                    FOR THE COURT

                    /s/ Daniel E. O'Toole
                    Daniel E. O'Toole
                    Clerk of Court

s32