Nos. 2016-1706, -1707, -1710, -1712

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

---

**ULTRATEC, INC.,**
*Appellant*

v.

**CAPTIONCALL, LLC,**
*Appellee*

**MICHELLE K. LEE, Director, U.S. Patent and
Trademark Office, and UNITED STATES,**
*Intervenors*

---

*Appeals from the Patent and Trademark Office - Patent Trial and Appeal Board in Nos. IPR2013-00540, IPR2013-00541, IPR2013-00544 and IPR2013-00545.*

---

**APPELLANT ULTRATEC, INC.'S MOTION TO STAY APPEAL PENDING SUPREME COURT REVIEW**

---

Appellant Ultratec, Inc. ("Ultratec"), pursuant to Federal Rule of Appellate Procedure 27(b) and Federal Circuit Rule 27(h),[1] respectfully asks the Court to stay these consolidated appeals pending the U.S. Supreme Court's disposition of the petition for writ of certiorari currently pending in *Oil States Energy Services, LLC v. Greene's Energy Group, LLC*, No. 16-712 (Fed. Cir. No. 15-1855) (the "*Oil States*

---

[1] The consolidated appeals were filed prior to the recent change in the Circuit Rules. Accordingly, the 2011 Federal Circuit Rules are applied herein.

Petition") and, if that petition is granted, pending the Supreme Court's disposition of that matter on the merits. The *Oil States* Petition challenges the authority of the U.S. Patent Trial and Appeal Board ("PTAB") to invalidate patents without a jury trial via *inter partes* review. If the PTAB lacks such authority, then the proceedings giving rise to these consolidated appeals were also invalid. On February 27, 2017, the Supreme Court took the unusual step of directing the director of the U.S. Patent and Trademark Office ("USPTO") to submit a response to the *Oil States* Petition. *See* Supreme Court Docket 16-712. The USPTO's response is due March 29, 2017. *Id.* Because the *Oil States* Petition raises a question fundamental to the outcome of Ultratec's appeals, and because Ultratec included that question in its own notices of appeal and briefing, this Court should stay these appeals until the Supreme Court decides the PTAB's authority to invalidate patents or, in the alternative, denies the *Oil States* Petition.

## BACKGROUND AND PROCEDURAL HISTORY

1.  These consolidated and companion appeals encompass numerous claims across several patents held by Ultratec. The patents at issue cover captioned telephone technology, which assists deaf and hard-of-hearing people who otherwise lacked a functionally equivalent manner of using telecommunication. In nine separate *inter partes* review proceedings, the PTAB invalidated all claims at issue.

2. Ultratec timely appealed from all nine of the PTAB's final orders. In each notice of appeal, Ultratec included the following issue for review: "Whether the *Inter Partes* Review proceedings in general (35 U.S.C. § 311 *et seq.*), and this case in particular, constitute an unconstitutional delegation of judicial power to an executive agency, particularly when, as here, a U.S. District Court found the claims of the [subject] Patent to be valid through summary judgment and/or jury verdict." *See, e.g.,* No. 16-1706, Dkt. 1 (Notice of Docketing), Issue 13.

3. This question's reference to "unconstitutional delegation of judicial power to an executive agency" invokes the notion that suits to invalidate patents must be tried before a jury in an Article III forum, not in an agency proceeding. This rests on two constitutional grounds: Article III of the Constitution, which requires that certain matters be tried before federal district judges appointed by the President and confirmed by the Senate, and the Seventh Amendment, which protects the right to trial by jury. The tension between *inter partes* review and these constitutional requirements is particularly high here, where a federal jury *did* uphold the validity of all of Ultratec's patents before the PTAB invalidated them.[2]

---

[2] To the same end, each of Ultratec's notices of appeal also included as a separate issue "Whether the *Inter Partes* Review proceedings in general, and this case in particular, are unconstitutional and in violation of principles of administrative agency authority…" *See, e.g.,* No. 16-1706, Dkt. 1, Issue 15.

3

4. At the time Ultratec's notices of appeal were filed (March 15, 2016), this Court had recently rejected the argument that *inter partes* review was contrary to Article III and the Seventh Amendment. *MCM Portfolio LLC v. Hewlett-Packard Co.*, 812 F.3d 1284 (Fed. Cir. Dec. 2, 2015).

5. However, this Court's decision in *MCM* remained subject to Supreme Court review. MCM, as Petitioner in that matter, had been granted an extension of time to file its petition for writ of certiorari, and eventually did so on April 29, 2016. *See generally* U.S. Supreme Court Docket 15-1330. Given the possibility that *MCM* may be reversed on appeal, Ultratec noticed the same constitutional issues for argument in its appeals.

6. Thereafter, in its initial briefs filed September 30, 2016, Ultratec raised these constitutional issues for the Court's review. *See, e.g.,* No. 16-1706, Dkt. 65 at 89-93 ("the IPRs at issue in these appeals deprive Ultratec of its constitutional rights to see the validity of the patents-at-issue adjudicated by a trial by jury in a court of the United States, with all of the due process protections associated with federal court litigation, thus violating Article III of the Constitution and the Fifth and Seventh Amendments").

7. In doing so, Ultratec recognized the controlling authority of *MCM*, but noted that MCM's certiorari petition remained pending in that matter. *Id.* at 92-93. Ultratec "thus respectfully preserve[d] these arguments, particularly in light of the

jury verdict awaiting the outcome of these appeals." *Id.*

8. On October 11, 2016, the Supreme Court denied certiorari in *MCM*. Notwithstanding this fact, Ultratec reiterated its constitutional arguments in its reply briefs. *See, e.g.,* No. 16-1706, Dkt. 84 at 44 ("Ultratec maintains that these IPRs deprived Ultratec of its constitutional right to a trial by jury with all of the due process afforded by the federal courts").

9. Meanwhile, on November 23, 2016, Oil States Energy Services LLC filed a petition for writ of certiorari in *Oil States Energy Services, LLC v. Greene's Energy Group, LLC*, No. 16-712 (Fed. Cir. No. 15-1855). The *Oil States* Petition raised the same Article III and Seventh Amendment issues decided in *MCM* and argued in Ultratec's briefs.

10. This time, however, the Supreme Court has indicated interest in these issues. On February 27, 2017, the Supreme Court took the unusual step of directing the director of the USPTO to submit a response to the *Oil States* Petition. *See* Supreme Court Docket 16-712. The USPTO's response is due March 29, 2017. *Id.*

11. If the *Oil States* Petition is granted, the Supreme Court will take up and consider for the first time the Article III and Seventh Amendment issues decided in *MCM*, relied on in *Oil States* and other intervening decisions by this Court, and argued in Ultratec's briefs.

5

# ARGUMENT

12. This Court has inherent authority to stay Ultratec's appeal pending the outcome of the *Oil States* appeal. *See, e.g., Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings"); *see also* No. 16-1706, Dkt. 28 at 3 ("The power of this court to stay proceedings is incidental to our inherent power to control the disposition of cases on our docket") (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

13. The Court has wisely exercised that inherent authority to stay proceedings where the Supreme Court will or appears likely to review, in a related proceeding, one or more questions that would be dispositive of the outcome in the stayed appeal. *See, e.g., Stoffel v. Shineski*, 425 F. App'x 883, 884 (Fed. Cir. 2011) (this Court "stayed the briefing schedule of this appeal pending the United States Supreme Court's review" of subject matter jurisdiction in a related case); *Novo Nordisk, Inc. v. Paddock Laboratories, Inc.*, 468 Fed. App'x 961, 962 (Fed. Cir. 2011) (deeming it "the better course to stay the present appeal pending the Supreme Court's disposition of [another case]" and directing the parties to inform the Court within 14 days of that disposition how they believe this appeal should proceed).

14. Here, Ultratec's appeals are related to *Oil States* by a common, fundamental question: whether, under Article III, the Seventh Amendment, or both, it is unconstitutional for the PTAB to invalidate patents via *inter partes* review.

6

Ultratec has fully briefed this question, which is now pending simultaneously before this Court and the Supreme Court.

15. This constitutional question is not ancillary or tangential; it is dispositive. If the PTAB's invalidation of patents via *inter partes* review is unconstitutional, then all of its decisions in these consolidated and companion appeals must be reversed regardless of any other arguments raised by the parties.

16. As such, there can be no benefit in requiring additional effort of the parties to these appeals before it is known whether the Supreme Court will accept review in *Oil States* and, if so, whether invalidating patents via *inter partes* review is constitutional. The same is true of the significant effort that would be required of the Court to review and decide the substantial issues raised in the parties' briefs, all of which would be unnecessary to reach if the PTAB's actions here were unconstitutional.

17. Moreover, if the Supreme Court accepts review in *Oil States*, this Court's decision in the present appeals will be controlled by the Supreme Court's decision in *Oil States*. As such, judicial economy favors awaiting that decision rather than proceeding in the meantime. If this Court were to decide the constitutional issues consistently with *MCM*, only to receive a contrary decision from the Supreme Court shortly thereafter in *Oil States*, Ultratec will be required to file and brief a petition for certiorari that could have been avoided by a modest delay. Under these

7

circumstances, respect for the resources of this Court, the Supreme Court, and the parties compels a stay.

18. The requested stay need not be lengthy. As noted above, the Supreme Court has directed a response to the *Oil States* Petition by March 29. This timing will allow the Supreme Court to dispose of the petition before the conclusion of its current term. If the *Oil States* Petition is denied, the stay may be lifted.

19. If the *Oil States* Petition is granted, the stay should be extended through the issuance of the Supreme Court's decision in *Oil States*. While that stay may extend through June of 2018, it would be justified by the certainty that a decision from the Supreme Court would bring to these weighty constitutional issues, as well as by the significant risk of wasted judicial effort in the meantime.

20. CaptionCall will suffer no prejudice from the requested stay, which will only serve to clarify questions fundamental to these appeals.

WHEREFORE, Ultratec respectfully requests that the Court stay these proceedings until the Supreme Court denies the *Oil States* Petition or grants it and issues its decision in that matter, whichever is later.

### STATEMENT REGARDING CONSENT

Ultratec's counsel conferred with counsel for CaptionCall and the USPTO, who stated that CaptionCall and the USPTO oppose this motion and intend to file a response.

Respectfully submitted this <u>21st</u> day of March, 2017.

*/s/ Anthony A. Tomaselli*
Anthony A. Tomaselli
anthony.tomaselli@quarles.com
Kristin Graham Noel
kristin.noel@quarles.com
Martha Jahn Snyder
martha.snyder@quarles.com
QUARLES & BRADY LLP
33 East Main Street
Suite 900
Madison, Wisconsin  53703
Tel. (608) 251.5000
Fax (608) 251.9166

Michael J. Curley
michael.curley@quarles.com
QUARLES & BRADY LLP
One South Church Avenue
Suite 1700
Tucson, Arizona  85701
Tel. (520) 770.8700
Fax (520) 623.2418

*Counsel for Appellant Ultratec, Inc.*

# CERTIFICATE OF INTEREST

Counsel for Appellant Ultratec, Inc. hereby certifies the following:

1. The full name of every party or amicus represented by me is:

   Ultratec, Inc.

2. Ultratec, Inc. is the real party in interest.

3. Ultratec, Inc. certifies that it has no corporate parent and there are no publicly held corporations that own 10% or more of its stock.

4. The names of all of law firms and partners or associates that appeared for Ultratec in the lower tribunal or are expected to appear in this Court, are:

   - Anthony A. Tomaselli, Kristin Graham Noel, Matthew J. Duchemin, Martha Jahn Snyder, Stephen J. Gardner, and Anita Marie Boor, of Quarles & Brady LLP, 33 East Main Street, Suite 900, Madison, WI 53703;

   - Edward King Poor of Quarles & Brady LLP, 300 North LaSalle Street, Suite 4000, Chicago, IL 60654.

   - Michael J. Curley of Quarles & Brady LLP, One South Church Avenue, Suite 1700, Tucson, AZ 85701;

   - Nikia L. Gray of Quarles & Brady LLP, 1701 Pennsylvania Ave. NW, Suite 700, Washington, D.C. 20006; and

   - Michael A. Jaskolski, of Quarles & Brady LLP, 411 East Wisconsin Avenue, Suite 2400, Milwaukee, WI 53202.

QB\44565022.1

Dated: March 21, 2017.                  */s/ Anthony A. Tomaselli*
                                        Anthony A. Tomaselli

QB\44565022.1

# **CERTIFICATE OF SERVICE**

I certify that on March 21, 2017, a true and correct copy of the foregoing Appellant Ultratec, Inc.'s Motion to Stay Appeal Pending Supreme Court Review was served on all counsel of record via the Court's ECF System.

Dated: March 21, 2017.

*/s/ Anthony A. Tomaselli*
Anthony A. Tomaselli
anthony.tomaselli@quarles.com
Kristin Graham Noel
kristin.noel@quarles.com
Martha Jahn Snyder
martha.snyder@quarles.com
QUARLES & BRADY LLP
33 East Main Street
Suite 900
Madison, WI 53703
Tel. (608) 251.5000
Fax (608) 251.9166