UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

ULTRATEC, INC.,
*Appellant,*

v.

CAPTIONCALL, LLC,
*Appellee.*

MICHELLE K. LEE, Director,
United States Patent and Trademark Office, UNITED STATES,
*Intervenors.*

———————————

2016-1706, -1707, -1710, -1712

———————————

Appeals from the U.S. Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2013-00540, IPR2013-00541, IPR2013-00544 and IPR2013-00545.

———————————

**INTERVENORS'
OPPOSITION TO MOTION TO STAY APPEALS**

NATHAN K. KELLEY
*Solicitor*

THOMAS W. KRAUSE
*Deputy Solicitor*

| | |
|---|---|
| *Of Counsel*: | FARHEENA Y. RASHEED |
| MARK R. FREEMAN | JEREMIAH S. HELM |
| SARAH W. CARROLL | *Associate Solicitors* |
| *Appellate Staff, Civil Division* | Office of the Solicitor |
| U.S. Department of Justice | U.S. Patent and Trademark Office |
| Washington, D.C. 20530-0001 | Mail Stop 8, P.O. Box 1450 |
| | Alexandria, Virginia 22313-1450 |
| Dated: March 31, 2017 | Tel: (571) 272-9035 |

Intervenors respectfully oppose Appellant Ultratec's motion to stay these consolidated appeals (16-1706, -1707, -1710, -1712), pending the Supreme Court's disposition of the petition for writ of certiorari in another case, *Oil States Energy Services, LLC v. Greene's Energy Group, LLC*, S. Ct. No. 16-712.

## INTRODUCTION AND PROCEDURAL HISTORY

Ultratec fails to offer any good reason for this Court to stay these fully-briefed appeals awaiting oral argument, and none exists. These consolidated appeals 16-1706, along with the two other consolidated appeals -1708, and -1713, are companion cases, and all together seek review of the Patent Trial Appeal Board's ("Board") final written decisions in nine inter partes review proceedings involving eight of Ultratec's patents. In its final written decisions, the Board held that CaptionCall had established by a preponderance of the evidence that all of the challenged claims in the eight patents were unpatentable as anticipated or obvious over various prior art references.

The Director intervened in these appeals for the limited purpose of defending the constitutionality of the inter partes review process against Ultratec's Article III and Seventh Amendment challenges and addressing Ultratec's procedural challenge to a particular trial management decision by the Board. Dkt. No. 39. In its opening briefs, Ultratec conceded that this Court's decision in *MCM Portfolio LLC v. Hewlett-Packard Co.,* 812 F.3d 1284 (Fed. Cir. 2015) – which

held that the USPTO's inter partes review of patent claims is consistent with Article III and the Seventh Amendment of the U.S. Constitution – was decided against Ultratec's position, but preserved the issue because, at the time, MCM and the patentee in *Cooper v. Lee,* No. 2015-1483, 2016-1071 (unreported order granting summary affirmance consistent with *MCM*, Jan. 14, 2016)*,* had certiorari petitions pending at the Supreme Court. Dkt. No. 64, at 89-93. Because those petitions were subsequently denied – *MCM Portfolio LLC v. Hewlett-Packard Co.,* 137 S. Ct. 292 (2016); *Cooper v. Lee,* 137 S. Ct. 291 (2016); *see also Cooper v. Square, Inc.*, 137 S. Ct. 475 (2016) (denying petition for writ of certiorari) – the Director noted that Ultratec's constitutional arguments were foreclosed by this Court's precedent and did not further address those arguments in her brief. Dkt. No. 76, at 1. Ultratec did not seek to stay the appeals when those petitions making similar constitutional arguments to *Oil States* were pending.

Similarly, in *Oil States Energy Services, LLC v. Greene's Energy Group*, No. 2015-1855, the patent owner argued that inter partes review is not constitutional, and that the Board erred in denying its motion to amend. The Director intervened to defend the constitutionality of the inter partes review process, and to defend the Board's decision to deny Oil States's motion to amend its patent. Specifically, the Director argued that there was no reason to deviate from *MCM*'s precedent that inter partes review of patentability is a valid exercise

of congressional power. No. 2015-1855, Dkt. No. 28, at 4-5. With regard to the Board's denial of Oil States's motion to amend, the Director explained that Oil States failed to offer either claim constructions or an explanation where support for the amended claims existed in the specification, without which Oil States could not carry the requisite burden for entry of the amended claims. *Id.* at 6-13. This Court upheld the Board's authority to invalidate various claims of Oil States's patents, and it affirmed the Board without opinion. 639 F. App'x 639 (Fed. Cir. 2016). This Court subsequently denied Oil States's combined petition for rehearing and rehearing *en banc*, in an unpublished order issued on July 26, 2016.

Oil States then sought a petition for certiorari to overturn the Federal Circuit's settled decision in *MCM Portfolio LLC v. Hewlett-Packard Co.*, 812 F.3d 1284 (Fed. Cir. 2015), *cert. denied*, 137 S. Ct. 292. Oil States also sought review of two additional questions: (1) whether the USPTO's rules and reasonable interpretations of the inter partes review statute placing the burden of persuasion on patent owners to prove that proposed substitute claims are patentable are entitled to deference under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984); and (2) whether the USPTO failed to follow Federal Circuit law when it applied the broadest reasonable interpretation standard in rejecting Oil States's proposed narrower construction of a single claim term. The government

waived its right under Supreme Court Rule 15.1 to file a "not mandatory" response to the petition for a writ of certiorari unless one was requested by the Court.

On February 27, 2017, the Supreme Court requested the Director, as a party in the underlying appeal in *Oil States*, to submit a response on the questions presented. The Director's response is due April 28, 2017. To date, no amicus briefs have been filed in support of petitioner. Ultratec's motion to stay is premised on the U.S. Supreme Court's having called for a response from the Director to the petition for a writ of certiorari in *Oil States*.

### THIS COURT SHOULD DENY ULTRATEC'S EXTRAORDINARY MOTION TO STAY THE APPEALS

Ultratec's motion should be denied. First, contrary to Ultratec's assertion, the Supreme Court's order directing the USPTO to submit a response to the *Oil States* petition is not an "unusual step." Mot. 5. All that happened was that the Court requested the government's input under Supreme Court R. 15.1 – a measure that can be taken by a single Justice. It does not indicate an affirmative "interest" in the issues in the petition, as Ultratec suggests (Mot. 5), particularly in view of the Court's prior decision not to hear petitions in *MCM* and *Cooper* that raised the same issues. It may mean nothing more than that a law clerk desired further clarification on what went on below or wanted to hear the government's side of the story before deciding what to recommend. The Court commonly denies certiorari in cases where it has called for a response in this manner. *See, e.g., Cooper v.*

*Square*, S. Ct., No. 16-76 (requesting a response from respondent Square, Inc., but ultimately denying the petition, which made essentially the same constitutional arguments as in *Oil States*).

Second, there are three questions presented in the *Oil States* petition, only one of which addresses *MCM*'s holding that neither Article III nor the Seventh Amendment bars the USPTO from conducting inter partes reviews of patents that the USPTO has issued. Thus, it is not clear that the request for a response was based on the Article III question, as opposed to the two unrelated questions. The mere possibility that the Supreme Court might have requested a response in *Oil States* based on its interest in a constitutional issue that it recently declined to address does not warrant staying nine fully briefed appeals. Ultratec's argument that its motion is related to a petition that "the Supreme Court will or appears likely to review," Mot. 6, is unavailing.

The fact is, the Supreme Court has denied three recent petitions pressing comparable challenges. *See MCM Portfolio LLC* v. *Hewlett-Packard Co.*, No. 15-1330; *Cooper* v. *Lee*, No. 15-955; *Cooper* v. *Square, Inc.*, No. 16-76. And the petitioner in *Oil States* offers no new argument that inter partes review runs afoul of Article III.

Third, and more fundamentally, Ultratec will suffer no harm absent a stay. If judgment is entered against Ultratec, it can seek rehearing or file its own petition

for certiorari on the constitutional issues. If the Supreme Court ultimately grants review in *Oil States* and holds that the inter partes review scheme in fact violates Article III of the Constitution, Ultratec could then raise the issue to this Court or via petition to the Supreme Court. On the other hand, the USPTO and the public have an interest in seeing appeals resolved as quickly as possible. Thus, there is little force to Ultratec's citation (Mot. 6) of cases in which this Court stayed consideration of a case based on the Supreme Court's having granted certiorari to consider this Court's decision in another case.

More importantly, Ultratec's request for a stay appears to be premature based on the timing of this case: the Supreme Court is likely to act on the Oil States petition before these appeals are calendared for argument or soon thereafter. To date, Ultratec has filed oral argument conflicts through May 2017; these appeals will not be scheduled for argument any earlier than June, and are more likely to be calendared for July or August. The certiorari petition will most likely go to conference in late May or early June, so there likely will be a certiorari decision before the Court's summer recess. If denied, then Ultratec's reason for a stay is moot. And even if the petition s granted, there still is no reason to delay oral argument and final judgment since Ultratec could raise the issue via a request for rehearing or a petition to the Supreme Court, but Ultratec could certainly renew its request for a stay later based on something more than speculation.

This Court has in the past shown a reluctance to stay these very same proceedings in order to wait for the Supreme Court to act. For example, when the parties jointly requested a stay pending issuance of the Supreme Court's decision in *Cuozzo Speed Technologies, LLC v. Lee*, No. 15-446, the Court declined to stay the appeals on that basis because Ultratec did not show "that a stay [wa]s warranted due to *Cuozzo*." Dkt. No. 28 at 2-3 (ultimately granting the stay so that any appeal from a related inter partes review involving one of the eight patents at issue in a pending appeal may be heard at the same time). This Court should likewise deny Ultratec's latest unwarranted motion to stay. *See id.* (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (explaining that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket" and "calls for the exercise of judgment")); *see also Realvirt, LLC v. Lee*, No. 17-1159, Dkt. No. 32, at 2 (Order March 31, 2017) (finding that stay not warranted despite argument that disposition in a related case would moot the issue).

Dated: March 31, 2017

Respectfully submitted,

/s/ *Farheena Y. Rasheed*
NATHAN K. KELLEY
*Solicitor*

THOMAS W. KRAUSE
*Deputy Solicitor*

*Of Counsel*:
MARK R. FREEMAN
SARAH W. CARROLL
*Appellate Staff, Civil Division*
U.S. Department of Justice
Washington, D.C. 20530-0001

FARHEENA Y. RASHEED
JEREMIAH S. HELM
*Associate Solicitors*
Office of the Solicitor
U.S. Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313-1450

*Attorneys for the Director of the
United States Patent and Trademark Office*

# CERTIFICATE OF SERVICE

I hereby certify that, on this 31st day of March 2017, I electronically filed the foregoing **INTERVENORS' OPPOSITION TO MOTION TO STAY APPEALS** using the Court's CM/ECF filing system. Counsel for both the Appellant and Appellee were electronically served through the Court's CM/ECF filing system per Fed. R. App. P. 25 and Fed. Cir. R. 25(e).

/s/ *Farheena Y. Rasheed*
_____
FARHEENA Y. RASHEED
Associate Solicitor
Office of the Solicitor
U.S. Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313