UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

ULTRATEC, INC.,
*Appellant,*

v.

CAPTIONCALL, LLC,
*Appellee.*

JOSEPH MATAL, Performing the Functions and Duties of Director, United States Patent and Trademark Office, UNITED STATES,
*Intervenors.*

_____

2016-1706, -1707, -1710, -1712

_____

Appeals from the U.S. Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2013-00540, IPR2013-00541, IPR2013-00544 and IPR2013-00545.

_____

**INTERVENORS' RESPONSE IN OPPOSITION TO
ULTRATEC'S RENEWED MOTION TO STAY APPEALS**

|  |  |
|---|---|
|  | NATHAN K. KELLEY<br>*Solicitor* |
|  | THOMAS W. KRAUSE<br>*Deputy Solicitor* |
| *Of Counsel*:<br>MARK R. FREEMAN<br>SARAH W. CARROLL<br>*Appellate Staff, Civil Division*<br>U.S. Department of Justice<br>Washington, D.C. 20530-0001 | FARHEENA Y. RASHEED<br>JEREMIAH S. HELM<br>*Associate Solicitors*<br>Office of the Solicitor<br>U.S. Patent and Trademark Office<br>Mail Stop 8, P.O. Box 1450<br>Alexandria, Virginia 22313-1450 |
| Dated: June 21, 2017 | Tel: (571) 272-9035 |

The USPTO opposes Ultratec's motion to stay these proceedings during the pendency of *Oil States Energy Services, LLC v. Greene's Energy Group, LLC*, S. Ct. No. 16-712. First, the mere grant of certiorari in *Oil States* does not change this Court's precedent holding that inter partes review does not violate Article III and the Seventh Amendment. *See MCM Portfolio LLC v. Hewlett-Packard Co.*, 812 F.3d 1284 (Fed. Cir. 2015), *cert. denied*, 137 S. Ct. 292 (2016). Second, Ultratec will suffer little harm in proceeding with the already-scheduled oral argument in the absence of a stay because Ultratec has the ability to protect its interests through further review. And third, any arguments in favor of staying these appeals would likewise suggest staying most if not all other AIA appeals while *Oil States* is pending, which – assuming the Supreme Court affirms – would lead to an enormous wave of revived appeals, along with a whole new set of problems. Based on these considerations, the USPTO favors proceeding with the oral argument currently set for July 11, 2017.

## ARGUMENT

Ultratec has failed to meet its burden of demonstrating that a stay is warranted. A stay of proceedings is "an exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (quotations and citations omitted). As "an intrusion into the ordinary processes of administration and judicial review," a stay

"is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Id.* at 427. The burden of "making out the justice and wisdom of a departure from the beaten track" of continuing proceedings "lay[s] heavily on the petitioners . . . ." *Landis v. North American Co.*, 299 U.S. 248, 256 (1936).

    1. Existing circuit precedent governs until it is overruled. While some members of this Court have recently expressed doubt about the constitutionality of IPRs,[1] *MCM* is the law of this circuit. A possible future change in the law does not cast current doubt on this Court's precedents, even if the change (should it come to pass) could result in reversal.

    2. Proceeding as usual by deciding the merits issues, including the Article III issue consistent with circuit precedent, does not deprive Ultratec (or similarly situated appellants) of the chance for a favorable judgment on the Article III question. It requires Ultratec to do what all parties do to protect their interests – file their own petitions for certiorari during the interim if they wish to obtain the benefit of any change in the law in view of the certiorari grant in *Oil States*. Ultratec's only objection to proceeding is that it would be "required to file and brief a petition for certiorari that could have been avoided by a modest delay." Mot. at 9. Putting aside the question whether the delay here could be fairly

---

[1]    *See Cascades Projection LLC v. Epson Am., Inc.*, Nos. 2017-1517, 2017-1518, 2017 WL 1946963 (Fed. Cir. May 11, 2017).

characterized as "modest," a petition merely asking for a grant, vacate, and remand (GVR) in the event of a reversal in *Oil States* would be straightforward to prepare. In any event, "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Ticor Title Ins. Co. v. FTC*, 814 F.2d 731, 740 (D.C. Cir. 1987) (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)).

    3. Equally fundamentally, the stay advocated by Ultratec is not without costs of its own. *See* Mot. at 8-9. It entails delays, which may ultimately be unnecessary if the Supreme Court affirms. There is also the administrative problem of keeping cases pending only to have a wave of appeals restart at roughly the same time if the Supreme Court affirms this Court in *Oil States*. In addition, Ultratec does not seriously dispute that there is little burden on either the parties or this Court to have the argument at this juncture because the heavy lifting in briefing the appeals in all nine related or consolidated inter partes review proceedings is complete. Thus, it is well within this Court's discretion to continue to move forward in these appeals.

*     *     *     *

    For the above reasons, there is no compelling need to delay oral argument and final judgment. Ultratec's motion for a stay should be denied.

Dated: June 21, 2017　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ *Farheena Y. Rasheed*
　　　　　　　　　　　　　　　　　　NATHAN K. KELLEY
　　　　　　　　　　　　　　　　　　*Solicitor*

*Of Counsel*:
MARK R. FREEMAN　　　　　　　　　THOMAS W. KRAUSE
SARAH W. CARROLL　　　　　　　　 *Deputy Solicitor*
*Appellate Staff, Civil Division*
U.S. Department of Justice　　　　　　FARHEENA Y. RASHEED
Washington, D.C. 20530-0001　　　　　JEREMIAH S. HELM
　　　　　　　　　　　　　　　　　　*Associate Solicitors*
　　　　　　　　　　　　　　　　　　Office of the Solicitor
　　　　　　　　　　　　　　　　　　U.S. Patent and Trademark Office
　　　　　　　　　　　　　　　　　　Mail Stop 8, P.O. Box 1450
　　　　　　　　　　　　　　　　　　Alexandria, Virginia 22313-1450

　　　　　　　　　　　　　　　　　　*Attorneys for the Director of the*
　　　　　　　　　　　　　　　　　　*United States Patent and Trademark Office*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 21st day of June 2017, I electronically filed the foregoing **INTERVENORS' RESPONSE IN OPPOSITION TO ULTRATEC'S RENEWED MOTION TO STAY APPEALS** using the Court's CM/ECF filing system. Counsel for both the Appellant and Appellee were electronically served through the Court's CM/ECF filing system per Fed. R. App. P. 25 and Fed. Cir. R. 25(e).

/s/ *Farheena Y. Rasheed*
_____
FARHEENA Y. RASHEED
Associate Solicitor
U.S. Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313